IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                     )<br>         Plaintiff,                       )<br>                                                     )<br>VS.                                              )<br>                                                     )<br>DENNIS TUCKER,                     )<br>                                                     )<br>         Defendant.                    ) | Civ. No. 06-1014-T/An<br><br>Crim. No. 99-10086-T |

ORDER DENYING RULE 59(e) MOTION TO ALTER OR AMEND

Defendant Dennis Tucker, Bureau of Prisons inmate registration number 16937-076, an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis"), filed a *pro se* motion pursuant to 28 U.S.C. § 2255 on January 18, 2006. On February 16, 2006, the Court entered an order denying the motion as untimely; judgment was entered on February 21, 2006. On March 27, 2006, the Clerk of Court received and filed Tucker's motion to alter or amend the judgment, pursuant to Federal Rule of Civil Procedure 59(e).

In order to be timely, motions to alter or amend under Rule 59(e) must be filed within ten days after the entry of judgment. Although Tucker has dated his motion February 28, 2006, which is within ten days after entry of judgment, the envelope bears an FCI-Memphis mail-processing date of March 22, 2006, and is postmarked March 22, 2006. Cf. Houston v. Lack, 487 U.S. 266 (1988) (prisoner's notice of appeal deemed filed when it was delivered to prison officials for deposit into the prison mail system). Therefore, the motion is untimely

under Rule 59(e). Consequently, the Court will construe the motion as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).

> Rule 60(b) provides, in part:
>
> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . . ; (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, . . . ; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time . . . . A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. . . .

Tucker asserts that the Court erroneously denied his motion as time-barred. This is a claim of legal error, which the Sixth Circuit considers a ground for relief under Rule 60(b)(1). Barrier v. Beaver, 712 F.2d 231, 234 (6th Cir. 1983), *cited in* Pierce v. United Mine Workers of Am. Welfare and Retirement Fund for 1950 and 1974, 770 F.2d 449, 451-52 (6th Cir. 1985); see also Jalapeno Prop. Mgmt., LLC v. Dukas, 265 F.3d 506, 515 n.1 (6th Cir. 2001); Jones v. Gundy, 100 F. Supp. 2d 485, 487 (W.D. Mich. 2000).

Tucker argues that, because his § 2255 motion relies upon the recent Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005), his motion was not untimely. He contends that the denial of the motion on that basis was contrary to the decision in Teague v. Lane, 489 U.S. 288 (1989). However, as stated in the February 16th order, the Sixth Circuit, in Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005), analyzed that very issue in accord with the principles set forth in Teague and held that the decision in

Booker is not applicable to those defendants whose convictions were already final at the time the opinion was handed down.

Tucker has presented nothing to persuade the Court that he is entitled to relief from the judgment in this case. Therefore, the motion for relief from judgment (dkt. #4), is DENIED.

For the reasons stated in the February 16th order, the Court once again certifies that an appeal would not be taken in good faith and denies a certificate of appealability.

IT IS SO ORDERED.

        s/ **James D. Todd**
        JAMES D. TODD
        UNITED STATES DISTRICT JUDGE